IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LOMAX SALTER,
      Plaintiff,

vs.                                   Case No.: 3:13cv76/MCR/EMT

SECRETARY DEPARTMENT
OF CORRECTIONS, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

This is an action filed pursuant to 42 U.S.C. § 1983.  It is now before the court on Plaintiff's second amended complaint (doc. 31).[1]  Leave to proceed in forma pauperis has been granted (doc. 15).

Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable

_____

[1] Plaintiff initiated this action in the United States District Court for the Middle District of Florida (doc. 1), which court transferred it to the Northern District of Florida on February 14, 2013 (doc. 4).

to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief.  Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997).  Upon review of the second amended complaint, this court concludes that dismissal is warranted on the ground it is frivolous.

Plaintiff is an inmate of the Florida Department of Corrections ("FDOC") who currently is housed at the Northwest Florida Reception Center ("NWFRC") (doc. 31 at 2).[2]  He names three Defendants in the second amended complaint: Thomas Brame, a librarian/clerk at Century Correctional Institution ("Century C.I."); C.O. Grady, a librarian/clerk at Century C.I.; and Michael Cr[ew]s, FDOC Secretary (doc. 31 at 2).  In the style of the case on page one of the complaint, Plaintiff also identifies Warden Samuel Culpepper and the NWFRC as Defendants (id. at 1).

Plaintiff's allegations in the second amended complaint are somewhat difficult to follow.  The gist of his allegations is clear, however.  According to Plaintiff, his petition for writ of certiorari seeking review of his conviction and sentence was due to be filed by January 10, 2008, in the United States Supreme Court.[3]  Due to a "miscalculation" by Brame and Grady—on whom Plaintiff relied for assistance because he is blind and has heart problems—the deadline was missed and his petition was rejected (see id. at 5, 7).  Plaintiff's initial grievances submitted to Warden Culpepper regarding the matter were denied; one year later, when another FDOC official became warden at Century C.I., Plaintiff resubmitted his grievance and it was granted (id. at 6).  Plaintiff alleges as a result of Defendants' "negligence" in failing to properly calculate the filing date for his petition, his First Sixth, Eighth, and Fourteenth Amendment rights—in particular his right of access to courts— were violated (id. at 5; see also id. at 7).  As relief, Plaintiff seeks a new trial, release from prison, or $200,000.00 in compensatory/punitive damages for the mental injury he has suffered as a result of his fifteen (15) years of incarceration (id. at 7).

---

[2]  The page references used in this order reflect the page numbers as enumerated in the court's electronic docketing system.

[3]  Plaintiff alleges that his petition presented two meritorious grounds for challenging his conviction and that he would have received a new trial if his petition had been timely filed (doc. 31 at 6).

Because § 1983 does not contain a specific statute of limitations, 42 U.S.C.A. § 1988 directs courts to select and apply the most appropriate or analogous state statute of limitations. Additionally, the Supreme Court has stated that courts should select the statute of limitations in each state that applies to tort actions for the recovery of damages for personal injury. *See* Wilson v. Garcia, 471 U.S. 261, 276 (1985). The Court has also stated that the statute, once selected, should govern all § 1983 actions arising in that state. *Id.* at 275; *see also* Jones v. Preuit & Mauldin, 763 F.2d 1250, 1252 (11th Cir. 1985) (citations omitted). The applicable statute of limitations in Florida is four (4) years. *See* Baker v. Gulf & Western Industries, 850 F.2d 1480, 1481 (11th Cir. 1988); *see* Fla. Stat. § 95.11(3) (1991). The running of the statute of limitations is a sufficient ground to justify dismissal of a claim as frivolous. Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003); Clark v. Georgia Pardons and Paroles Board, 915 F.2d 636, 641 n.2 (11th Cir. 1990).

In the instant case, Plaintiff's allegations reflect that he was aware of the allegedly injurious actions of Defendants at or near the time the incident occurred. Thus, Plaintiff's cause of action accrued in early 2008. More than four (4) years have elapsed between the time the action accrued in early 2008 and the time of the actual filing of the complaint in the instant action in the Middle District of Florida on January 29, 2013 (*see* doc. 1 at 10). It therefore is clear from the face of the second amended complaint that the four-year period had expired at the time the initial complaint was filed. Plaintiff was informed in the court's order directing amendment that he must explain why this case should not be dismissed as time-barred (doc. 25 at 3). Plaintiff has failed to offer any such explanation, however, and from the allegations of the complaint it is evident that Plaintiff "can prove no set of facts which would avoid a statute of limitations bar." Hughes, 350 F.3d at 1163. Dismissal of this action on the ground it is frivolous therefore is warranted.

This action should also be barred by the doctrine of res judicata. "Under res judicata, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001) (citing Allen v. McCurry, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980)). Res judicata applies when four elements are present:

(1) the prior decision must have been rendered by a court of competent jurisdiction;
(2) there must have been a final judgment on the merits;
(3) both cases must involve the same parties or their privies; and

(4) both cases must involve the same causes of action.

*Id.*  In general, there is privity between a non-party and a party in a prior action if the non-party's interests were adequately represented by a party that had the same interests.  E.E.O.C. v. Pemco Aeroplex, Inc., 383 F.3d 1280, 1286 (11th Cir. 2004).   For res judicata purposes, claims are part of the same cause of action when they arise out of the same nucleus of operative fact, or are based on the same factual predicate.  In re Piper Aircraft, 244 F.3d at 1296–97.  It is the substance of the actions, and not their form, that is important. *Id.* at 1297.

In Salter v. Culpepper, et al., Case No. 3:10cv448/RV/EMT, which Plaintiff initiated in October 2010 (*see* doc. 1 at 1), Plaintiff sued Warden Culpepper, Brame, the State of Florida, and the FDOC, claiming that the Century C.I. law librarian (whom he identified as "Officer Greadia") and two law clerks had miscalculated the filing deadline for his certiorari petition and filed it late on January 15, 2008.  *See* Salter, No. 3:10cv448/RV/EMT, second amended complaint (N.D. Fla. Aug. 26, 2011).  The case, in which Plaintiff asserted claims under the Sixth Amendment, was dismissed for the failure to state a claim upon which relief could be granted on February 7, 2012.  *Id.*, order (N.D. Fla. Feb. 7, 2012).

This court, a court of competent jurisdiction, dismissed Plaintiff's October 2010 case for failure to state a claim upon which relief can be granted, which was an adjudication on the merits.[4]  Moreover, it is clear that Plaintiff's current action and his October 2010 action both arise out of the same nucleus of operative facts and same factual predicate.  Finally, both actions appear to involve either the identical parties [Culpepper, Brame] or parties with whom non-parties were in privity [parties Culpepper, State of Florida, and FDOC who adequately represented the interests of non-parties Grady, FDOC Secretary Crews, and NWFRC].  Therefore, the instant case should also be barred by the doctrine of res judicata and subject to being dismissed as frivolous.  *See* Hawley v. Bd. of Regents of the Univ. Sys. of Ga., 203 F. App'x 997, 997 (11th Cir. 2006) (affirming district court's

---

[4]  The order of dismissal does not specify whether dismissal was with prejudice or without, but "[a]s a general proposition, dismissal of a complaint for failure to state a claim operates as an adjudication on the merits for res judicata purposes, even where the dismissal order does not specify whether such dismissal was with prejudice or without prejudice."  Polk v. Sears, Roebuck, & Co., 2012 WL 1640708 (S.D. Ala. May 8, 2012) (citing N.A.A. C.P. v. Hunt, 891 F.2d 1555, 1560 (11th Cir. 1990) ("unless the court specifies otherwise, dismissal on the grounds that the facts and law show no right to relief operates as an adjudication on the merits")).

determination that plaintiff's claims were barred by res judicata pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and resulting dismissal); Gimenez v. Morgan Stanley, 202 F. App'x 583, 583–84 (3d Cir. 2006); McWilliams v. State of Col., 121 F.3d 573, 574–75 (10th Cir. 1997) (holding repetitious litigation of virtually identical causes of action may be dismissed under 28 U.S.C. § 1915(e) as frivolous or malicious); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984) (finding that a complaint barred by res judicata is legally frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i)).

Accordingly, it respectfully **RECOMMENDED**:

That Plaintiff's claims be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

At Pensacola, Florida, this 5th day of May 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**